# IN THE COURT OF APPEALS OF IOWA

No. 23-0336
Filed August 21, 2024

**LEON DEVON BRAND JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Leon Brand appeals the denial of his postconviction-relief application. **AFFIRMED.**

Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., and Chicchelly, and Buller, JJ.

**AHLERS, Presiding Judge.**

Shortly after the district court revoked Leon Brand's probation and required him to serve his previously suspended ten-year prison sentence, the sentencing court scheduled a time to review and reconsider the sentence on its own motion. Following the review, the court declined to reconsider the sentence based on a report from the prison that Brand committed a minor disciplinary infraction in prison and a responsive letter filed by Brand.

Brand filed an application for postconviction relief (PCR) alleging he received ineffective assistance of counsel during the reconsideration process. The district court denied his application. Brand appeals.

Brand makes two claims, both based on alleged ineffective assistance of counsel: (1) his counsel failed to appear and argue on his behalf at his reconsideration hearing and (2) his counsel failed to investigate the minor disciplinary report that formed the basis for the district court's decision to deny reconsideration of Brand's sentence.

## I.      Standard and Scope of Review

Because claims of ineffective assistance of counsel are rooted in the constitutional right to counsel, we review such claims de novo. *State v. Ross*, 941 N.W.2d 341, 345 (Iowa 2020). To prove ineffective assistance of counsel, Brand must prove by a preponderance of the evidence that counsel failed to perform an essential duty. *See State v. Smith*, 7 N.W.3d 723, 726 (Iowa 2024). He must also prove he suffered prejudice, which is established by showing a reasonable probability that, without counsel's errors, the result of the proceeding would have been different. *See id.* at 726–27. Counsel's performance is deficient if it does not

meet the performance standards of a reasonably competent attorney. *Id.* at 726.

There is a strong presumption that counsel performed competently. *Id.*

**II.    Analysis**

We address Brand's arguments in order.[1]

**A.    Counsel's Failure to Appear and Argue at Time of Review**

As to Brand's contention that his counsel failed to appear at his review hearing, the State challenges whether a hearing occurred. Following our review, we conclude Brand has not proved a hearing took place.

We reach our conclusion by piecing together bits of information in the record. We start with the order setting the review. When the court decided on its own to reconsider Brand's sentence, the court issued an order captioned simply "order"—not "order setting hearing." In the introductory paragraph of the order, the court stated it would review for reconsideration of sentence on the "date shown below." In a later paragraph, the order states a date and time prefaced by a statement that a "[r]eview is scheduled" for the designated time—not a hearing. While the paragraph that followed contains form language about a hearing, the rest of the order suggests there would be no hearing. For example, the order directs Brand's prison counselor to file a report summarizing Brand's behavior and sets a deadline for filing the report. The deadline for filing the report was tied to "the date set for review," not the date set for a hearing. The order also directed

---

[1] For purposes of our review, we assume without deciding that (1) Brand was entitled to counsel at the time the district court reconsidered his sentence, and (2) Brand may challenge the effectiveness of counsel's representation during the reconsideration process via a PCR action. As we are able to resolve Brand's appeal without deciding these two issues, we do not address them.

that Brand would not be transported to the courthouse "for the review." Except for some form language referencing a hearing, nothing in the order suggests a hearing would be held.

Further evidence of no hearing taking place is the fact that there is no court reporter memorandum and certificate in the court file showing that a hearing took place. Also, the order declining to reconsider Brand's sentence references only a review. It does not mention a hearing, it does not list any attorneys from either side appearing, and it does not note that any attorneys failed to appear—a detail one could reasonably expect to see if attorneys failed to appear for a hearing.

Brand presented evidence at his PCR trial that prison officials believed a hearing was scheduled because Brand was permitted to leave his unit to go to a kiosk where inmates attend phone or video hearings—something he would not have been permitted to do if there was no hearing scheduled. But, at best, this evidence demonstrates that Brand and prison officials believed there was a hearing. The rest of the evidence suggests only that a time and date for the court's review of the file for the purpose of reconsidering Brand's sentence was scheduled, not a hearing.

Based on the evidence, the PCR court concluded Brand failed to prove any hearing occurred, and we agree. As Brand failed to establish that a hearing occurred, counsel did not fail to perform an essential duty by not appearing at a nonexistent hearing. Likewise, counsel was not ineffective for failing to make arguments on Brand's behalf at a nonexistent hearing.

We turn next to Brand's final claim.

**B.** **Failure to Investigate**

Brand contends his counsel breached an essential duty by failing to investigate and respond to the disciplinary infraction noted in his counselor's report submitted to the court. He also contends he was prejudiced because the court used that unrebutted infraction as a basis for not reconsidering his sentence.

In assessing whether a breach of duty occurred, we begin by noting that the court's order initiating the reconsideration process requested only a progress report from the department of corrections. It did not ask for Brand or his counsel to appear by any means, did not set a hearing, and did not solicit any filings from Brand or his counsel. Nevertheless, we do not see anything in the order that prevented Brand or his counsel from submitting information, so we assess whether Brand's counsel acted competently in not challenging the department's report.

Brand's argument relies exclusively on his counsel's failure to challenge the department's report that Brand had committed a minor disciplinary infraction for being out of place of assignment and attempting to circumvent established procedure a little over one month before the scheduled time for the court's review. After the department's report was filed, Brand filed a responsive letter acknowledging the minor disciplinary infraction without any attempt to explain or dispute it. With those two filings available to it, the district court's order denying reconsideration states:

> The progress report notes that while in prison, [Brand] received a minor disciplinary report for being out of place of assignment and attempting to circumvent established procedure.
> [Brand]'s probation was revoked after [he] committed multiple violations of the terms and conditions of probation. The progress report indicates that after the revocation of probation and imposition of the prison sentence, [Brand] chose to disregard correctional

institution rules and expectations. Therefore, [Brand]'s sentence will not be reconsidered.

At the PCR trial, Brand attempted to prove that his disciplinary infraction was rescinded, and his counsel was ineffective for not presenting that evidence to the court. Brand's argument fails. Brand testified that he spoke to his attorney within two weeks before the scheduled review time. But Brand also testified that he never spoke to his attorney about the report disclosing his disciplinary infraction. Brand also ignores the fact that he submitted a letter to the court over two weeks after the department's progress report was filed and before the scheduled time of review in which he admits to the rule violation without any attempt to explain or clarify it. We cannot fault defense counsel for not seeking more information about what appeared to be a straightforward infraction when Brand did not provide him with any hint an investigation was needed. *See Lane v. State*, 09-0038, 2010 WL 219309, at *2 (Iowa Ct. App. Jan. 22, 2010) (finding counsel was not ineffective for failing to investigate alibi defense when defendant did not inform counsel of potential alibi until after time for disclosure had elapsed).

Even if counsel had investigated and explained to the court the full facts surrounding the report, Brand has not proved prejudiced because he has failed to establish there is a reasonable likelihood the court would have reconsidered and reduced his sentence. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("Prejudice exists where a claimant proves a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." (cleaned up) (citation omitted)). While Brand presented evidence at the PCR trial attempting to show that he was not disciplined for a rule infraction, the

evidence he presented, at best, shows only that the length of his discipline for his rule infraction was reduced, not that he didn't commit the infraction. In other words, his discipline was modified, not rescinded. Further, the explanation Brand gave to the correctional officers for being out of place of assignment at the time of the incident was different than the explanation he gave at the PCR trial, and his explanation at the PCR trial didn't perfectly correspond to the other evidence he presented, raising questions about his veracity. So, even if Brand's counsel had presented the evidence Brand presented at the PCR trial to the court at the time for reconsideration, there is no reasonable likelihood the court would have reconsidered and reduced Brand's sentence.

## III.    Conclusion

Because Brand did not prove his attorney failed to perform an essential duty or that he was prejudiced, we affirm.

**AFFIRMED.**